IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DONITA MOORE,                         *

        Petitioner,                   *

             v.                       *      CIVIL NO.:    WDQ-09-0445
                                      *      CRIMINAL NO.: WDQ-07-0270
UNITED STATES OF AMERICA,             *

        Respondent.                   *

*       *       *       *       *       *       *       *       *       *       *       *       *

MEMORANDUM OPINION

        Pending is Donita Moore's *pro se* motion to vacate, set
aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  The
Court has determined that no evidentiary hearing is necessary.
*See* Rule 8 of the Rules Governing § 2255 Proceedings.  For the
following reasons, Moore's motion will be denied.

I.   Background

        On June 21, 2007, Moore and seven co-Defendants were
indicted by a grand jury for conspiracy to distribute and possess
with the intent to distribute heroin,[1] which has a statutory
minimum sentence of 10 years imprisonment.  21 U.S.C. §
841(b)(1)(A).  After the Government offered Moore a plea
agreement, she alleges that her counsel, Anton J.S. Keating,
Esquire, "advised [her] to sign the plea and agree to the

_____

        [1] In violation of 21 U.S.C. § 846.

1

statutory minimum of 10 years, saying that [she] would get 8 years." Pet. Mot. ¶ 12.  On March 4, 2008, Moore pled guilty pursuant to the agreement.  Docket No. 122.

Moore's plea agreement stated that there was a ten-year mandatory minimum sentence; she affirmed that she carefully reviewed every part of it with Keating.  Plea Agmt. ¶ 3.  On March 4, 2008, at Moore's Rule 11 colloquy the Court advised her of the ten-year minimum sentence and asked if she understood "what the penalties are"; she responded that she understood. Rearr. Tr. at 4, Mar. 4, 2008.  Moore confirmed that she had discussed the agreement with Keating, and understood it.  *Id.* at 6.  She also stated that no one made "any other promises or predictions" to her about the possible sentence.  *Id.* at 7.

On May 30, 2008, at sentencing Keating asked Moore if she understood that "the Judge's hands are tied somewhat in that there is a mandatory minimum in this case?"; Moore responded that she understood.  Sent. Tr. at 8-9, May 30, 2008.  Moore was sentenced to 168 months imprisonment.[2]  Docket No. 148.

On February 23, 2009, Moore filed this motion.

---

[2] The base offense level of 38 under the Sentencing Guidelines was reduced by two points for acceptance of responsibility and one point for timely notification of the intent to plead guilty, for a final offense level of 35.  Plea Agmt. ¶ 6.b.  Moore had a category I criminal history.  Sent. Tr. at 2-3.  The sentencing range under the Guidelines was 168 to 210 months.

II.   Analysis

Moore argues that (1) her counsel was ineffective because he incorrectly advised her on the length of her sentence, and (2) she was deprived due process because her sentence was longer than one of her co-Defendant's, and she was not told whether that co-Defendant was going to testify against her.   Pet. Mot. ¶ 12.

A.   Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   To prove ineffective assistance of counsel, Moore must show that: (1) counsel's deficient performance (2) prejudiced her defense. *Id.* at 687.   Moore must establish that counsel made errors so serious that his "representation fell below an objective standard of reasonableness." *Id.* at 688.   Moore must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.   Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances, and it is highly deferential. *Id.* at 688-89.

Because Moore pled guilty, the focus is whether counsel's "performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).   In other words, Moore "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would

have insisted on going to trial." *Id.; Meyer v. Branker*, 506
F.3d 358, 369 (4th Cir. 2007); *United States v. Mooney*, 497 F.3d
397, 404 (4th Cir. 2007).

1.   Factual Investigation

Moore briefly mentions that Keating was ineffective because
he "failed to ascertain the evidence against" her.  Pet. Mot. ¶
12.  Moore has not alleged any facts related to this claim; she
has not met her burden to show defective performance or
prejudice.

2.   Advice Regarding Sentence

Moore next argues that Keating told her, her father, and
her sister that she "would get 8 years," and "[h]ad he not
assured [her] of the 8 years, [she] would have not signed the
plea." *Id.*  Keating affirms that "[a]t no time" did he "indicate
in any way that . . . Moore would receive less than the ten years
statutory minimum."  Anton J.S. Keating Aff., Apr. 6, 2009.[3]

"[A]n attorney's 'mere inaccurate prediction of a sentence'
does not demonstrate the deficiency component of an ineffective
assistance of counsel claim." *United States v. Martinez*, 169
F.3d 1049, 1053 (7th Cir. 1999) (*quoting United States v. Barnes*,
83 F.3d 934, 940 (7th Cir. 1996)); *United States v. Sweeney*, 878

---

[3] At sentencing, Keating sought the ten-year mandatory
minimum sentence, stating that he is "obviously bound--I think
that there is a ten-year mandatory minimum in the case."  Sent.
Tr. at 4.  This casts doubt on Moore's assertion that Keating
advised her that she would receive eight years.

4

F.2d 68, 70 (2d Cir. 1989).   However, "some predictions are such
gross mischaracterizations that they provide a 'strong indication
of constitutionally deficient performance.'" *Id.* (*quoting Iaea v.
Sunn*, 800 F.2d 861, 865 (9th Cir. 1986)).[4]

But, a defendant cannot claim ineffective assistance for
counsel's inaccurate sentence prediction when there has been a
proper Rule 11 colloquy at which the court advises the defendant
of her potential sentence.   *United States v. Foster*, 68 F.3d 86,
88 (4th Cir. 1995).[5]   Indeed, "if the trial court properly

---

[4] *Accord Sophanthavong v. Palmateer*, 378 F.3d 859, 868 (9th
Cir. 2004).   In *Martinez*, the defendant claimed that his attorney
was ineffective because he promised him a five-year sentence if
he pled guilty.   169 F.3d at 1053.   The court noted that at the
defendant's Rule 11 colloquy he acknowledged that he faced
mandatory minimum sentences, and the district court pointed out
that the sentences were consecutive.   *Id.* at 1054.   The court
denied the ineffective assistance claim, reasoning that although
the defendant "asserts that he would have pled guilty but for his
attorney's flawed predictions, his Rule 11 hearing tells a
different story."   *Id.*

[5] *Accord United States v. Macon*, No. 02-3520, 2004 WL
539979, at *3 (3d Cir. Mar. 17, 2004) (unpublished); *Martinez*,
169 F.3d at 1053; *United States v. Gordon*, 4 F.3d 1567, 1570
(10th Cir. 1993); *Clarke v. United States*, 117 F. Supp. 2d 134,
137 (D. Conn. 2000); *Brown v. United States*, 75 F. Supp. 2d 345,
355 (D.N.J. 1999); *Sepulveda v. United States*, 69 F. Supp. 2d
633, 640 (D.N.J. 1999); *Rosenfeld v. United States*, 972 F. Supp.
137, 144-46 (E.D.N.Y. 1997); *Rivera v. United States*, 893 F.
Supp. 1238, 1248-49 (S.D.N.Y. 1995).
In *Geathers v. United States*, the defendant claimed
ineffective assistance of counsel after he pled guilty because
his attorney "'promised' that he would receive no more than ten
years imprisonment."   No. 07-0201, 2007 WL 1876458, at *1 (D. Md.
Jun. 27, 2007).   The court denied the claim; it noted that the
plea agreement stated that he faced a minimum ten-year sentence.
*Id.*   The court also noted that (1) by signing the agreement the
defendant acknowledged understanding the minimum sentence, and

informed [the defendant] of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him." *Foster*, 68 F.3d at 88.[6]

Moore's Rule 11 hearing corrected the alleged inaccurate prediction.  She stated that she understood the minimum sentence. Thus, she cannot maintain a claim for ineffective assistance of

---

(2) at his plea colloquy, the defendant was informed of--and acknowledged understanding--the possible sentence. *Id.* at *1-2. The court held that "counsel may have underestimated [the defendant's] sentence, but even that would not establish objective unreasonableness of the assistance rendered." *Id.* at *2.

[6] *Accord Wagner v. United States*, 377 F. Supp. 2d 505, 509 (D.S.C. 2005).

The Fourth Circuit has used similar reasoning in the context of a motion to withdraw a guilty plea.  In *United States v. Lambey*, defense counsel told the defendant that he was facing 78 to 108 months imprisonment if he pleaded guilty; he pleaded and was sentenced to 360 months imprisonment.  974 F.2d 1389, 1392 (4th Cir. 1992) (en banc).  The defendant filed a motion to withdraw his plea because "had he been property advised on the applicable sentencing range, he would have gone to trial." *Id.* at 1393.
The court stated that if at a

> Rule 11 hearing, the court specifically warns the
> defendant of possible results different from those he
> anticipated because of the prior event or advice, then the
> defendant bears a heavy burden . . . to demonstrate that
> the prior event or advice should form the basis of a fair
> and just reason for a later withdrawal of his plea.

*Id.* at 1394.

The court noted that if the "information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." *Id.*  The court affirmed the district court's denial of the defendant's motion. *Id.* at 1396.

counsel.

B.   Due Process

Moore argues that she was denied due process because one of her co-Defendants, Calvin Matthews, received a sentence of 151 months imprisonment and she received 168 months.  Pet. Mot. ¶ 12. She admits that she does not know his criminal history, nor if he provided assistance to the Government.  *Id.*  This claim is not a basis for relief.

Moore next argues that she was denied due process because she was never told whether Matthews was going to testify against her, and was not given a transcript of his grand jury testimony. Pet. Mot. ¶ 12.  The Government need not disclose its witnesses before trial in a non-capital case.  *Weatherford v. Bursey*, 429 U.S. 545, 559-60 (1977); *United States v. Anderson*, 481 F.2d 685, 693 (4th Cir. 1973).[7]  Additionally, a defendant has no right to a witness's grand jury transcript unless that witness testifies at trial.  18 U.S.C. § 3500(a) (no statement by a Government witness is discoverable "until said witness has testified on direct examination in the trial").[8]  Moore's claim is not a basis for relief.

---

[7] *Accord United States v. Nevels*, 490 F.3d 800, 803-04 (10th Cir. 2007).

[8] *Accord United States v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997); *United States v. Greer*, 939 F.2d 1076, 1098 (5th Cir. 1991).

III. Conclusion

    For the reasons stated above, Moore's motion will be denied.


<u>June 10, 2009</u>               <u>        /s/             </u>
Date                              William D. Quarles, Jr.
                                United States District Judge